Miles N. Clark, Esq.
Nevada Bar No. 13848
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
Fax: (702) 552-2370
Email: miles@milesclarklaw.com

*Attorney for Plaintiff*
*JOSIE SMITH*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA (INDIANAPOLIS)

| | |
|---|---|
| JOSIE SMITH, | Civil Action No.: 1:23-cv-01241 |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| TRANS UNION LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to

privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Josie Smith ("Plaintiff"), by Plaintiff's attorneys, brings this action against Trans Union, LLC ("Trans Union" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 et seq.; 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the District of Indiana pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Putnam County, Indiana and because Defendant is subject to personal jurisdiction in Putnam County, Indiana; conducts business in Putnam County, Indiana; the events giving rise to this action occurred in Putnam County, Indiana; and Defendant is registered with the Indiana Secretary of State.

**PARTIES**

6. Plaintiff is a natural person residing in the County of Putnam, State of Indiana. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Trans Union regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Indiana.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

**TRANS UNION FAILED TO RESPOND TO PLAINTIFF'S WRITTEN DISPUTE**

9. In a Trans Union credit report dated November 17, 2021, Trans Union reported inaccurate information regarding a debt Plaintiff had reaffirmed in bankruptcy.

10. On or about December 13, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Trans Union's reported information regarding misreported trade lines by notifying Trans Union, in writing, of the incorrect and inaccurate credit information reported by Trans Union.

11. Specifically, Plaintiff mailed a written dispute to Trans Union ("Dispute Letter"), requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

12. Trans Union was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C. § 1681i.

13. Trans Union thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed pursuant to 15 U.S.C. § 1681i(a)(6) relating to the Dispute Letter. Indeed, Trans Union simply never responded to the Dispute Letter.

14. As a result of Trans Union's failure to provide a consumer disclosure, Trans Union negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

15. Further, Trans Union willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when Trans Union failed to provide written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency. Indeed, Trans Union failed to provide Plaintiff any evidence of any investigation it conducted into the disputes raised in the Dispute Letter, thereby shirking Trans Union's duties under the FCRA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *et seq*. (FCRA)**

16. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

17. Defendant failed to conduct a reasonable investigation into the Dispute Letter as required by 15 U.S.C. § 1681i(a).

18. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

19. Upon receipt of the Dispute Letter, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

20. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

21. Defendant's failure to provide a reinvestigation correcting its inaccurate and negative reporting in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

22. Also as a result of Defendant's failure to provide a reinvestigation correcting its inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation issues regarding credit standing, out-of-pocket expenses in challenging Defendant's inaccurate reporting, and damage to her creditworthiness. Plaintiff's credit reporting issues also caused her to suffer emotional distress in the form of anxiety, humiliation, hurt reputation, loss of self-esteem, stress, and feelings of worthlessness. 15 U.S.C. § 1681o.

23. Plaintiff has suffered concrete and imminent harm to her creditworthiness. Plaintiff's Disclosures showed numerous third parties had procured her credit information in the period prior to the Dispute Letter. Plaintiff also obtained a credit report subsequent to the Dispute Letter which showed numerous third parties continued to do so. Moreover, prospective creditors who wished to make a firm offer of credit or insurance to Plaintiff may have excluded her from lists of consumers who received such offers, or else would have factored the inaccurate and confusing information into the terms of any firm offer they decided to extend to Plaintiff. Thus, the inclusion of derogatory information presents an imminent, material risk of harm Plaintiff's creditworthiness has been, and continues to be, damaged.

24. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

25. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

26. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants in Counts 1 and 2:

### FIRST THROUGH SECOND CAUSES OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 17, 2023

Respectfully submitted,

By    <u>/s/ *Miles N. Clark, Esq.*</u>
Miles N. Clark, Esq.
Nevada Bar No. 13848
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
E-Fax: (702) 557-2370
Email: miles@milesclarklaw.com

*Attorney for Plaintiff*
*JOSIE SMITH*